No. 758          October 30, 2024          639

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. L. W.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

B. L. W.,
*Appellant.*

Marion County Circuit Court
23CC06263; A182788

Michael Y. Wu, Judge pro tempore.

Argued and submitted September 11, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.

LAGESEN, C. J.

Reversed.

## LAGESEN, C. J.

This is another civil commitment case in which the state did not follow the statutory procedures that govern civil commitments. Specifically, the two citations issued to appellant did not "stat[e] the nature of the information filed concerning [appellant] and the specific reasons the person is believed to be a person with mental illness."[1] ORS 426.090. Pointing to the deficient citations on appeal, appellant argues that the trial court plainly erred by proceeding with the commitment hearing in view of the patently insufficient citations.[2] We agree and reverse.

As we previously have explained, when the state seeks to deprive a person of their liberty through the civil commitment process, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires, among other things, that the state provide prehearing notice to the person "'of the specific issues the person must meet.'" *State v. T. C.*, 327 Or App 558, 562, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024) (quoting *In re Gault*, 387 US 1, 33-34, 87 S Ct 1428, 18 L Ed 2d 527 (1967) (brackets omitted)). ORS 426.090 implements that constitutional right in Oregon, conferring "upon a 'person alleged to have a mental illness' a right to prehearing, in-person, written

---

[1] The record reflects that appellant failed to appear at the hearing scheduled by the initial citation, resulting in a second citation.

[2] Appellant also argues that the trial court plainly erred in proceeding with the hearing in two different respects: (1) by proceeding on a "Notification of Mental Illness" that lacked legible signatures from the two people who initiated the proceeding under ORS 426.070(1)(a); and (2) by proceeding on the notification because ORS 426.070 required the notification to go to the community mental health director, not the court. On this record neither of those contentions establishes plain error. As to the latter, subsequent pages of the Notification of Mental Illness indicate that the notification was copied to the "County Mental Health Program Director or Designee," and it is not obvious that filing a notification with the court and copying it to the community mental health director violates ORS 426.070. Likewise, it is not obvious that the trial court erred by acting on the notification in the absence of legible signatures under the circumstances present here. Although the lack of legible signatures could be problematic if there were no way to identify the signatories, the notification was signed before a Notary Public, and was accompanied by other information that would allow the court to ascertain who had signed the notification. Moreover, not all of the procedures and processes described in ORS chapter 426 give rise to procedural *rights*, or protect existing constitutional rights, or at least it is not obvious that they do. While adequate prehearing notice is, of course, a core due process right, it is difficult to say the same about the requirement that the notification of mental illness be given to the community mental health director.

notice of a proposed civil commitment proceeding, including the 'specific reasons' for it." *T. C.*, 327 Or App at 562. Even absent an objection—as is the case here—the state's failure to comply with the statutory and constitutional notice requirement is reversible error "unless the record allows for the affirmative inference that the appellant waived the procedural protection at issue or, alternatively, received a functionally equivalent protection in a different form." *Id.* at 563.

In this case, the citations did not supply the "specific reasons" that appellant was believed to be subject to commitment or describe the information on which the state was basing its case. Instead, they simply stated as "[a]dditional information" that "[a]n investigation has been conducted pursuant to ORS Chapter 426. Based on that investigation, the court finds probable cause to believe that you are mentally ill as defined by that statute." That information is in no way sufficient to give notice of the specific issues that appellant needed to be prepared to meet at the hearing. It did not reveal a theory of commitment—whether appellant was a danger to herself, a danger to others, or unable to meet her basic needs—or otherwise give any inkling of what the state's case might be. No one could read those citations and know what to expect at the hearing or how to defend their liberty.

Despite those grave deficiencies, the state argues that we should affirm. The state acknowledges that the citation did not describe the "specific reasons" that appellant "was believed to be a person with mental illness." The state does not dispute that the failure to provide proper prehearing notice is a violation of petitioner's core procedural rights that, under our case law, requires reversal. *See T. C.*, 327 Or App at 569 (explaining why failure to provide proper prehearing notice is a legally cognizable harm) (quoting *Villanueva v. Board of Psychologist Examiners*, 179 Or App 134, 138, 39 P3d 238 (2002)). Instead, the state points—correctly—to the fact that appellant did not preserve her claim of error, which means that we must decide whether to exercise our discretion to correct it. *State v. Ortiz*, 372 Or 658, 672, 554 P3d 796 (2024) ("To reverse based on an unpreserved, plain error, the court must, in addition to determining that the error was not harmless, consider factors relevant to the court's exercise of discretion" to correct the error). The state then urges

us not to exercise our discretion to correct the error. Noting that ORS 426.074(3) provides that a "copy of the investigation report shall be provided as soon as possible, but in no event later than 24 hours prior to the hearing, to the person and the person's counsel," the state asserts that "there is no reason to believe that that procedure was not followed in this case," and that we should infer that information other than the citation supplied appellant with the necessary notice.

We are not persuaded. Contrary to the state's argument, on this record, there is reason to believe that appellant herself was not provided with the investigation report in advance of the hearing. The return of service for the second citation recites that the citation was served on appellant in the courtroom on the day of the hearing. The return of service for the first citation is not signed or dated, and the space for printing the server's name is blank. It recites that there was a "copy handed by" a named individual, but does not specify who that named person is, let alone what it entailed, and does not specify where and when that "copy handed by" occurred, let alone what it entailed. Consequently, because the record indicates that appellant did not personally receive the citation until she was in the courtroom, it gives us little reason to think that appellant personally was provided with the investigation report before the hearing.

Therefore, as we have in other cases in which the state afforded a civil committee with inadequate prehearing notice, we exercise our discretion to correct the error. The explanation for doing so is the same:

> "We therefore exercise our discretion to correct it for all the same reasons we have done so in our prior cases: 'the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice.' *State v S. J .F.*, 247 Or App 321, 325, 269 P3d 83 (2011). As discussed, civil commitment proceedings deprive an individual of physical and reputational liberty. The violation—deprivation of in-person prehearing notice—was grave, and appellant did not waive that right. In our view, the ends of justice warrant correction."

*T. C.*, 327 Or App at 571.

Reversed.