No. 65　　　　　January 29, 2025　　　　　581

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. E.-S.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. E.-S.,
*Appellant.*

Marion County Circuit Court
24CC01198; A183959

Drew P. Taylor, Judge pro tempore.

Submitted December 13, 2024.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Reversed.

**EGAN, J.**

Appellant seeks reversal of a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days, as well as an order prohibiting the purchase or possession of firearms. We reverse the judgment and order.[1]

Appellant argues that the trial court plainly erred when it issued a prehearing citation that failed to identify the nature of the information filed concerning the person and the specific reasons why he was believed to have a mental illness. The state concedes that the trial court plainly erred and that reversal is warranted. Having reviewed the citation, we agree with and accept the state's concession. By failing to issue a citation that complies with ORS 426.090, the state failed to comply with the procedures governing civil commitments. *State v. B. L. W.*, 335 Or App 639, 640-41, 560 P3d 766 (2024). There is no indication that appellant waived those procedural protections. *Id.* at 641. Nor was the necessary information included in an attached document and incorporated by reference. *Cf. State v. S.A.*, 337 Or App 1, 3, ___ P3d ___ (2024).

Given the nature of civil commitment cases, the interests of the parties, the gravity of the error, and the ends of justice, we exercise discretion to correct the error. *State v. T. C.*, 327 Or App 558, 571, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024).

Reversed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. Because we reverse based on appellant's second assignment of error, we do not address his first and third assignments.