No. 351 April 23, 2025 1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. L.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

J. L.,
*Appellant.*

Linn County Circuit Court
23CC03775; A181760

Brendan J. Kane, Judge.

Argued and submitted May 29, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Pagán, Judge.*

LAGESEN, C. J.

Reversed.

_____
   * Lagesen, Chief Judge *vice* Mooney, Senior Judge.

**LAGESEN, C. J.**

In this civil commitment case, appellant seeks reversal of the trial court's judgment committing her to the Oregon Health Authority for up to 180 days on the ground that she is a danger to herself and unable to provide for her basic needs, and the supplemental order prohibiting her from possessing firearms, ORS 426.130(4). Appellant contends, among other things, that the trial court plainly erred in proceeding with a commitment hearing on a citation that did not state "the specific reasons [appellant] was believed to be a person with a mental illness," as required under ORS 426.090. We conclude the court plainly erred by proceeding on a citation that did not supply appellant with the specific reasons she was alleged to be a person with a mental illness and, further, that it is appropriate to exercise our discretion to correct that error. We therefore reverse.

As we have explained, ORS 426.090 confers "upon a person alleged to have a mental illness a right to prehearing, in-person, written notice of a proposed civil commitment proceeding, including the specific reasons for it." *State v. B. L. W.*, 335 Or App 639, 640-41, 560 P3d 766 (2024) (internal quotation marks omitted). That statute ensures that Oregon's civil commitment process adheres to the basic requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which "requires, among other things, that the state provide prehearing notice to the person of the specific issues the person must meet" at a civil commitment hearing in order to avoid the deprivation of liberty that results from a civil commitment. *Id*. at 640 (internal quotation marks omitted). Because of the nature of the interest at stake—the due process right to adequate notice of why the state proposes to take away one's liberty—we have held that, even absent an objection, the state's failure to comply with the ORS 426.090 notice requirement is reversible error unless the record shows affirmatively either (a) that the appellant waived their right to notice; or (b) that the appellant received the functional equivalent of the required notice in a different form. *Id*. at 641.

In this instance, the state did not comply with that obligation. Instead of stating the specific reasons that

appellant was alleged to be a person with a mental illness of the sort that would subject her to civil commitment, the citation provided to petitioner stated that the information would be contained in a report to "be filed": "[the] nature of the information filed concerning you and the specific reasons you are believed to be a person with a mental illness are set forth in the copy of the Investigator's Report that will be filed pursuant to ORS 426.074." As the plain text of the citation indicates, that report was not attached to the citation served on appellant. *Contra State v. S. A.*, 337 Or App 1, 3, 562 P3d 1128 (2024) (trial court did not plainly error by proceeding on citation that stated specific reasons the person was alleged to be mentally ill in an attached report that was incorporated by reference). Although appellant's lawyer obtained a copy of the report by the time of the hearing, there is no indication that appellant had the opportunity to view it before the hearing. In fact, although the hearing took place in Linn County, petitioner was hospitalized in Portland at the time and had no opportunity meet with her lawyer in person in advance of the hearing.

As noted, the failure to provide appellant with the specific reasons she is alleged to be a person with a mental illness is, under our case law, reversible error unless the record affirmatively reflects that appellant waived her right to notice or that appellant received the functional equivalent of notice. Here, the record does not affirmatively reflect either waiver or functionally equivalent notice. Under *B. L. W.*, the trial court therefore plainly erred in proceeding on the citation.

We exercise our discretion to correct the error for the reasons we have done so in similar cases. *B. L. W.*, 335 Or App at 642 (stating reasons for correcting lack-of-notice error); *State v. T. C.*, 327 Or App 558, 571, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024) (same). On the facts of this case, the error is particularly grave. This case began when appellant, who lives in Linn County sought help because she thought she was going into cardiac arrest. There is little reason to think that she would have foreseen that seeking medical attention would have led to a commitment proceeding, and there is little reason to think that she had a full

and fair opportunity to understand why she was alleged to be a person with a mental illness before the start of the hearing. That is especially so given the fact that she had no opportunity to meet with her lawyer in person because of her transfer from Linn County to Portland ahead of the hearing.

Reversed.