No. 565　　　　　　　June 25, 2025　　　　　　　447

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. L. P.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

T. L. P.,
*Appellant.*

Marion County Circuit Court
24CC06312; A185801

Cheryl A. Pellegrini, Judge.

Submitted May 9, 2025.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Appellant seeks reversal of a judgment committing her to the Oregon Health Authority for a period not to exceed 180 days. The trial court entered that judgment and order after finding that appellant suffered from a mental disorder that caused her to be unable to provide for her basic needs. *See* ORS 426.005(1)(f)(B). We reverse.[1]

In her first assignment of error, appellant argues that the trial court plainly erred in proceeding with the commitment hearing on a citation that failed to include the specific reasons that she was believed to be a person with a mental illness, as required by ORS 426.090. In her second assignment of error, appellant argues that the court erred in detaining her after postponing the civil commitment hearing on the state's motion.

The state concedes that the trial court erroneously proceeded with the hearing on a citation that did not include the specific reasons that appellant was believed to be a person with a mental illness.

Having reviewed the record, we agree with and accept the state's concession. By failing to issue a citation that complies with ORS 426.090, the court failed to comply with the procedures governing civil commitments. *State v. B. L. W.*, 335 Or App 639, 640-41, 560 P3d 766 (2024). There is no indication that appellant waived those procedural protections. *Id.* at 641.

Because we conclude that reversal of the civil commitment judgment is required based on appellant's first assignment of error, we need not reach appellant's second assignment of error.

Reversed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.