No. 198　　　　March 18, 2026　　　　755

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. W. C.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

B. W. C.,
*Appellant.*

Multnomah County Circuit Court
24CC05325; A185634

Monica M. Herranz, Judge.

Argued and submitted January 8, 2026.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Carson L. Whitehead, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Reversed.

**SHORR, P. J.**

Appellant appeals from a judgment committing her to the Mental Health Division for a period not to exceed 180 days. In her first assignment of error, which is dispositive, she asserts that the trial court plainly erred by committing her on the basis that she was unable to meet her basic needs when she was not put on notice of that allegation.[1] We conclude that the trial court plainly erred and that we should exercise our discretion to correct the error. Therefore, we reverse.

The relevant facts are undisputed and are mostly procedural. Appellant was held on an emergency hold at Legacy Mt. Hood on September 3, 2024. The Notification of Mental Illness directed to the circuit court and the community mental health division states the signing doctor's belief that the "condition, behavior or actions exhibited by the [appellant] that causes the undersigned to believe that [appellant] is imminently dangerous to self or others is the following: multiple recent ED visits, including leaving AMA; endangers herself by wandering topless in neighborhood." The notice also states that the "specific indicators, symptoms or behaviors" that support the need for "emergency care or treatment for mental illness" were the following: "disoriented, disorganized statements are not reality-based, paranoia, [and] Dx of dementia noted in chart."

The trial court initiated a civil commitment process and cited the appellant for a hearing. *See* ORS 426.090 (requiring the citation issued to "stat[e] the nature of the information filed concerning the person and the specific reasons the person is believed to have a mental illness and to be in need of treatment").[2] The citation states, in part, that

"an investigation has been conducted pursuant to ORS 426.070. Following the investigation, the court concluded there is probable cause to believe you are a mentally ill

---

[1] Based on our disposition of the first assignment of error, we need not reach the second assignment in which appellant contends that the trial court erred by finding that she has a mental disorder which caused her to be unable to provide for her basic needs.

[2] ORS 426.090 was amended since the hearing. Or Laws 2025, ch 559, § 11. However, the amendment does not affect our analysis, and we refer to the current version of the statute.

person. The nature of the information filed concerning you and the specific reasons you are believed to be mentally ill are described in a copy of the notice of mental illness, attached hereto and by this reference made a part hereof."

The citation and notice of mental illness were served on appellant on September 9, 2024, and the hearing began less than 20 hours later, on September 10.[3]

At the beginning of the hearing, the trial court informed appellant of her rights. Neither party made an opening statement. The court admitted certain exhibits and heard testimony from Carter, a psychiatric nurse practitioner who had been treating appellant in the hospital. Appellant was asked questions by the examiner and by her attorney. In its closing argument, the state argued that appellant was unable to provide for her basic needs due to her mental disorder. Appellant's attorney argued that the state had failed to prove by clear and convincing evidence that appellant met the standard for civil commitment and requested that the case be dismissed and appellant be released from the hospital.

The trial court determined that appellant suffered from a mental disorder and that because of the mental disorder, she was unable to provide for her own basic personal needs. The court also determined that appellant was "either unable or unwilling to participate in treatment on a voluntary basis" and committed her. Appellant timely appealed.

On appeal, appellant contends that the citation and attached notice did not refer to the "basic needs" prong of the statute as a basis for commitment and were therefore deficient. Appellant acknowledges that she did not preserve her argument below and requests plain error review. In her view, the error is plain under our recent decision in *State v. T. L.*, 346 Or App 414, ___ P3d ___ (2026). The state agreed at oral argument that the facts here are remarkably similar to those in *T. L.*; however, the state urges us not to exercise our discretion to correct any error.

---

[3] The return of service indicates that appellant was served on September 9, 2024, with copies of the notice of mental illness, warrant of detention, advice of rights, investigation report, citation, and order for citation.

We note that *T. L.* was issued on the day before oral argument of this matter. Each party filed a memorandum of additional authorities that same afternoon to alert us of that decision's application to this case. Although *T. L.* was issued after the civil commitment proceeding and right before oral argument in this appeal, we determine error, including plain error, based on the law existing at the time of the appeal. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) ("Error apparent on the face of the record is merely a subspecies of error generally. Error, in general, must be determined by the law existing at the time the appeal is decided, and not as of the time of trial."). Thus, *T. L.* applies to this case.

An error is plain when the legal point is obvious and not reasonably in dispute and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). We agree with appellant that the error here is plain under *T. L.* In that case, which was in a preserved posture, the citation that was issued under ORS 426.090 contained the same language as the citation here: "The nature of the information filed concerning you and the specific reasons you are believed to be mentally ill are described in a copy of the notice of mental illness, attached hereto and by this reference made a part hereof." 345 Or App at 416 (emphasis omitted). In addition, the notice that was attached to the citation stated that "the above-named person is dangerous to self or others because the person exhibits the following: *** [Patient] has not been eating or drinking for 3 days, off psych medications for a month, brought in by Project Respond for mental decompensation, unable to care for self at this time." *Id.* at 415-16 (brackets in original; emphases omitted). That is, the notice contained a reference to danger to self or others, but not to an inability to meet basic needs.

The trial court found that the appellant was unable to meet her basic personal needs due to a mental disorder and committed her on that basis. *Id.* at 417. We concluded that "the citation provided insufficient notice because it failed to adequately identify the theory on which appellant was

believed to be a person with mental illness" and explained that

> "a minimum requirement for adequate notice is that the citation 'reveal a theory of commitment—whether appellant was a danger to herself, a danger to others, or unable to meet her basic needs'—so that the allegedly mental ill person 'know[s] what to expect at the hearing [and] how to defend their liberty.'"

*Id.* at 420-21 (quoting *State v. B. L. W.*, 335 Or App 639, 641, 560 P3d 766 (2024); brackets in *T. L.*). We likewise conclude that the citation here did not notify appellant that she was believed to be unable to provide for her basic personal needs due to a mental disorder.

The parties acknowledge that our plain-error inquiry does not end there. We must also consider whether the error was harmless and, if not harmless, we must decide whether to exercise our discretion to correct it. In *State v. Ortiz*, 372 Or 658, 672, 554 P3d 796 (2024) the Supreme Court explained that "[t]o reverse based on an unpreserved, plain error, the court must, in addition to determining that the error was not harmless, consider the factors that are relevant to the court's exercise of discretion" to correct the error. We consider, among other things, "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

The state argues that we should affirm despite any plain error. In *B. L. W.*, a case in which we exercised our discretion to correct a procedural error when the appellant had inadequate prehearing notice, we explained that "the state's failure to comply with the statutory and constitutional notice requirement is reversible error 'unless the record allows for the affirmative inference that the appellant waived the procedural protection at issue or, alternatively, received a functionally equivalent protection in a different form.'" 335 Or App at 641 (quoting *State v. T. C.*, 327 Or App 558, 563, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024)). Here, the state

asserts that any error in the citation is harmless. It points out that appellant was served with the investigator's report on September 9 prior to the hearing, and in that report, the investigator reported that, in her opinion, there was probable cause to believe that appellant had a mental disorder and was unable to provide for her basic personal needs and was not receiving such care as was necessary for her health or safety. According to the state, that investigator's report was a functionally equivalent process—it provided actual notice that a basic needs theory was going to be at issue at the hearing.[4] Appellant asserts that the mandatory procedural rights established by the legislature in the civil commitment chapter must be strictly honored and that without strict adherence to the statutes and protections of the statutes, the civil commitment scheme is a violation of a number of fundamental state and constitutional rights, beginning with an improper restriction on liberty.

　　　　We are not persuaded by the state's argument that the fact that appellant was served with the investigator's report before the hearing provided a functionally equivalent protection of her due process rights. As we explained in *T. L.*,

> "'when the state seeks to deprive a person of their liberty through the civil commitment process, the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires, among other things, that the state provide prehearing notice to the person "of the specific issues the person must meet."' *State v. B. L. W.*, 335 Or App 639, 640, 560 P3d 766 (2024) (quoting *State v. T. C.*, 327 Or App 558, 562, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024)). In Oregon, ORS 426.090 'implements that constitutional right,' conferring upon the allegedly mentally ill person 'a right to prehearing, in-person, written notice of a proposed civil commitment proceeding, including the specific reasons for it.' *Id.* (internal quotation marks omitted)."

*T. L.*, 346 Or App at 418-19 (brackets omitted). As noted above, the citation here, issued under ORS 426.090, stated that "the specific reasons you are believed to be mentally

---

[4] We do not understand the state to contend that appellant waived the procedural protection at issue, and in any event, the record would not allow for such an inference.

ill are described in a copy of the notice of mental illness, attached hereto and by this reference made a part hereof." Appellant was entitled to rely on that notice and not have to discern whether another document she was provided with that contained different information had the more accurate information. We note that this case is unlike *State v. V. L.*, 341 Or App 774, 575 P3d 215 (2025), in which we concluded that "ORS 426.090 allows for a citation that incorporated by reference an attached investigation report." *Id.* at 778. Here, the investigator's report was not referred to in the citation, nor incorporated by reference.

Having concluded that the procedural error here was not harmless, we exercise our discretion to correct the plain error as we have done in other cases where there has been insufficient prehearing notice for a civil committee. The reasons we do so are the same as we expressed in *T. C.*:

> "We therefore exercise our discretion to correct it for all of the same reasons we have done so in our prior cases: 'the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice.' *State v. S. J. F.*, 247 Or App 321, 325, 269 P3d 83 (2011). As discussed, civil commitment proceedings deprive an individual of physical and reputational liberty. The violation—deprivation of in-person prehearing notice—was grave, and appellant did not waive that right. In our view, the ends of justice warrant its correction."

327 Or App at 571.

Reversed.