No. 246          April 1, 2026          159

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. C.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. C.,
*Appellant.*

Lane County Circuit Court
24CC05116; A188389

Debra E. Velure, Judge.

Submitted February 13, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc. filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Appellant seeks reversal of a supplemental judgment revoking his trial visit placement and recommitting him to the Oregon Health Authority for a period not to exceed 180 days. The trial court entered that judgment after finding that appellant had violated the terms of his trial visit and that he continued to be a person with mental illness. *See* ORS 426.301; ORS 426.307; ORS 426.275.[1] The court did so over appellant's objection that he had not received proper prehearing notice for a hearing that could result in recommitment or continued commitment. We reverse.[2]

Appellant argues in a preserved assignment of error that the trial court erred by proceeding absent adequate prehearing notice. Specifically, the notice that appellant was provided before the hearing did not notify him of the possible outcome that he could be recommitted.

The state concedes that, on this record, the trial court erred by proceeding absent appellant's receipt of adequate prehearing notice. Having reviewed the record, we agree with and accept the state's concession and reverse on the grounds that appellant was not provided adequate prehearing notice. *See State v. J.L.*, 340 Or App 1, 3, 571 P3d 159 (2025) (explaining why lack of adequate prehearing notice in a civil commitment proceeding is grounds for reversal).

Reversed.

---

[1] As the state points out, there are multiple paths that the court can take upon revocation of a trial visit. We need not determine which statute controls here because regardless, appellant had to be notified before the hearing that recommitment was a possible outcome before he could be recommitted.

[2] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.