608 June 17, 2026 No. 550

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. H.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

L. H.,
*Appellant.*

Multnomah County Circuit Court
25CC01711; A187115

Jane W. Fox, Judge.

Argued and submitted April 21, 2026.

Liza Langford argued the cause and filed the brief for appellant.

Jose Garcia-Fuerte, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Interim Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Reversed.

**SHORR, P. J.**

Appellant appeals from a judgment committing her to the Mental Health Division for a period not to exceed 180 days on the basis that she suffered from a mental disorder and was unable to provide for basic personal needs and was not receiving such care as is necessary for health or safety. In her first assignment, which is dispositive, she asserts that the trial court erred in not dismissing the case because the citation issued by the court failed to provide her adequate notice of the specific reason she was believed to be mentally ill.[1] *See* ORS 426.090 (requiring the citation to "stat[e] the nature of the information filed concerning the person and the specific reasons the person is believed to have a mental illness and to be in need of treatment").[2] We reverse.

The relevant facts are undisputed. Appellant was placed on an emergency hold at Adventist Medical Center on March 22, 2025. The notification of mental illness directed to the circuit court and the community mental health division states the signing doctor's belief that the "condition, behavior or actions exhibited by [appellant] that causes the undersigned to believe that [appellant] is imminently dangerous to self or others is the following: patient presents psychotic, making threats to staff, disorganized, delusional and neglecting self." The notice also states that the "specific indicators, symptoms or behaviors that support that [appellant] has a mental disorder and is in need of emergency care or treatment for mental illness is the following: patient is at imminent risk of harm to self and others."

The trial court initiated a civil commitment process and cited appellant for a hearing. The citation states, in part, that "[a]n investigation has been conducted pursuant to ORS 426.070. Following the investigation, the Court concluded there is probable cause to believe you have a mental disorder," and after that statement there is a box marked

---

[1] Based on our disposition of the first assignment of error, we need not reach the second assignment in which appellant contends that the state did not meet its burden of proof to show that appellant was unable to meet her basic needs and that the trial court erred in determining that she had a mental disorder on that basis.

[2] ORS 426.090 was amended since the hearing. Or Laws 2025, ch 559, § 11. However, the amendment does not affect our analysis, and we refer to the current version of the statute.

with an "X" next to the phrase "[a]re a danger to others." Notably, the box next to the phrase "[a]re unable to care for your basic needs" was left unchecked. The citation also states that "[t]he nature of the information filed concerning you and the specific reasons you are believed to be mentally ill are described in a copy of the Notice of Mental Illness and the Pre-Commitment Report attached and incorporated into this Citation."

In regard to those two documents that were attached and incorporated, the notice of mental illness, as explained above, contained statements that appellant was "at imminent risk of harm to self and others" and was "neglecting self." The precommitment report contains recommendations to the court. It was the investigator's opinion that there was probable cause to believe that appellant had a mental disorder and that she was a danger to others. The investigator also indicated that it was not his opinion that appellant was a danger to herself or that she was unable to provide for her basic personal needs.[3]

The trial court held a civil commitment hearing on March 28, 2025. After considering the evidence presented and questioning appellant, the medical examiner testified that appellant's "behavior is driven by *** disorganized, delusional, psychotic thinking. She is a danger to herself because she's unable to stay out of harm's way and she has no ability to meet her basic needs in her altered mental state." In closing argument, appellant argued that the state had failed to prove by clear and convincing evidence that appellant met the criteria for civil commitment. Appellant also requested that the case be dismissed because the citation that was issued to appellant in advance of the hearing did not comply with ORS 426.090 in that she was not notified that the state would be seeking commitment based on danger to self or basic needs.

_____

[3] The investigator's report appears to be a form that includes areas for text to be inserted, portions where there are boxes to check, and sections where there are yes and no answers to choose from. The "Recommendations to the Court" portion contains yes and no options for whether the person is a danger to self, danger to others, and unable to provide for basic needs. The investigator selected "no" for danger to self and for unable to provide for basic needs and selected "yes" for danger to others.

The trial court determined that appellant was unable to meet her basic needs and also held that "the notice prior to the hearing was sufficient under current case law to give [appellant] an indication of why the hearing was set." The judgment committing appellant to the Mental Health Division was entered that same day. Appellant timely appealed.

As an initial matter, we note that our case law regarding ORS 426.090 and adequate notice has developed since the time of appellant's civil commitment hearing and after the opening and answering briefs were filed. The state filed two memoranda of additional authorities prior to oral argument of this appeal. We determine error based on the law existing at the time the appeal is decided. *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003).

On appeal, appellant contends that the trial court erred in not dismissing the case because the citation failed to state the nature of the information filed concerning the person and the specific reasons the person was believed to be a person with mental illness as required by ORS 426.090, which denied appellant due process. Appellant argues that this case is identical to *State v. T. L.*, 346 Or App 414, 585 P3d 636 (2026), a case in which we held that the citation issued to the appellant did not provide adequate notice under ORS 426.090 when it "failed to notify [the] appellant that she was believed to be unable to provide for her basic personal needs due to a mental disorder and was subject to commitment on that basis." *Id.* at 422; *see also State v. B. W. C.*, 347 Or App 755, 758-60, ___ P3d ___ (2026) (applying *T. L.* in an unpreserved posture).

The state recognizes that *T. L.* and *B. W. C.* are the controlling law; however, the state argues that this case is factually distinguishable from those cases. The state points to factual allegations contained in the investigator's report that, it contends, informed appellant that the inability to care for her basic needs would be at issue at the hearing. The report stated, in part, that appellant "has reportedly not been taking her medications, not eating, sleeping or showering and had started several fires in her unit as well

as flooded it by stopping up the drains. The unit is now reportedly uninhabitable and the process has been started for her eviction." The state argues that factual allegations of not taking medication, lack of food, and lack of shelter considered together all point to an inability to provide for basic personal needs. The state asserts that the citation with its incorporated attachments was statutorily compliant in that it supplied appellant with the "specific reasons" she was alleged to be unable to meet her basic needs as required by ORS 426.090. In the alternative, the state asserts that if the citation was statutorily deficient, appellant received the functional equivalent of the required "specific reasons." That is, according to the state, the record allows for the affirmative inference that appellant was aware that she might be committed on the basis of being unable to meet her basic needs.

There is no dispute that "ORS 426.090 allows for a citation that incorporated by reference an attached investigation report." *State v. V. L.*, 341 Or App 774, 778, 575 P3d 215 (2025). In *T. L.*, we concluded that

> "the citation provided insufficient notice because it failed to adequately identify the theory on which [the] appellant was believed to be a person with mental illness. As explained in [*State v. B. L. W.*, 335 Or App 639, 641, 560 P3d 766 (2024)], a minimum requirement for adequate notice is that the citation 'reveal a theory of commitment—whether appellant was a danger to herself, a danger to others, or unable to meet her basic needs'—so that the allegedly mental ill person 'know[s] what to expect at the hearing [and] how to defend their liberty.'"

346 Or App at 420-21 (footnote omitted; first and second brackets added). There, the citation incorporated the doctor's notice, which included a narrative description of why he believed that the appellant was dangerous to herself or others. *Id.* at 421. That narrative included statements that the appellant had not been drinking or eating for three days and "was 'unable to care for self at this time.'" *Id.* We were not persuaded that those two statements "were sufficient to put [the] appellant on notice that she was believed to be unable to provide for her basic personal needs within the meaning of the civil commitment statutes" and that she needed to be

prepared for a basic-needs theory at the hearing. *Id.* Among our stated reasoning was the fact that the statements by the doctor had been made in the context of explaining why the appellant was believed to be dangerous to self or others—"a distinctly different theory of commitment." *Id.* at 422.

We are faced with similar circumstances here. Appellant was explicitly notified in the citation that the theory of commitment she was faced with was "danger to others"; explicitly notified in the notification of mental illness of the theories of "dangerous to self and others"; and explicitly notified in the investigator's report of the theory of "danger to others." The state would have us look beyond those explicit statements to the additional content of the information contained in the documents served on appellant to discern the specific reasons the state believed appellant to be unable to meet her basic needs. The notification of mental illness contained a statement that appellant was "neglecting self," which was made in the explicit context of the doctor explaining why he believed appellant to be a danger to herself or others. And the investigator's report, which contained an explicit opinion that appellant was a danger to others and was *not* a danger to self or unable to provide for her basic needs, included the statement quoted above regarding appellant not taking her medication; not eating, sleeping, or taking showers; and having an uninhabitable home that she was being evicted from.

Under the state's argument, appellant would be required to look past the explicit statements expressing the court's, the doctor's, and the investigator's expressed theories for proposed commitment to reach a different conclusion herself—and in regard to the investigator's report, appellant would be required to disregard the investigator's opinion that she was not unable to meet her basic needs and reach the opposite conclusion. That argument is untenable. We are not persuaded that the citation, with its attached and incorporated documents, put appellant on notice that she was believed to be unable to provide for her basic personal needs due to a mental disorder, that she should be prepared to meet that theory at the commitment hearing, and that she was subject to commitment on that basis. Accordingly,

we conclude that the citation did not state the "specific reasons" that appellant was believed to be a person with mental illness under ORS 426.090.

We also reject the state's argument that even if the citation was deficient under ORS 426.090, appellant received the functional equivalent of the specific reasons she was alleged to be unable to meet her basic needs. We have previously explained that "the state's failure to comply with the statutory and constitutional notice requirement is reversible error 'unless the record allows for the affirmative inference that the appellant waived the procedural protection at issue or, alternatively, received a functionally equivalent protection in a different form.'" *B. L. W.*, 335 Or App at 641 (quoting *State v. T. C.*, 327 Or App 558, 563, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024)). For the same reasons expressed above, we conclude that appellant did not receive the functionally equivalent protection from the information in the attachments to the citation. Appellant was notified of specific theories for her potential commitment; she was entitled to rely on those express theories and was not required to read between the lines and discern a different theory that she might face at the commitment hearing.

Because appellant was committed solely on the basic-needs theory and did not receive the required advance notice of that theory, we reverse.

Reversed.